UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LA JUAN BAINES, | ) |
| | ) |
| Plaintiff, | ) No: 22 CV 5385 |
| | ) |
| vs. | ) |
| | ) |
| OPEN DOOR CLINIC OF GREATER ELGIN d/b/a | ) |
| OPEN DOOR HEALTH CENTER OF ILLINOIS, | ) |
| | ) JURY DEMAND |
| | ) |
| Defendant. | ) |

COMPLAINT
AS AND FOR A FIRST COUNT OF ACTION
(Title VII-RACE-COLOR DISCRIMINATION)

**Nature of the Action**

1. After leave of Court Plaintiffs bring this is an action under Title VII of the Civil Rights Act of 1964 and as amended by <u>inter alia,</u> the Civil Rights Act of 1990 ("ACT"), for the Defendant, **OPEN DOOR CLINIC OF GREATER ELGIN d/b/a OPEN DOOR HEALTH CENTER OF ILLINOIS.** ("ODC" or Defendant) having subjected Plaintiff **LA JUAN BAINES**, hereinafter ("BAINES" or "Plaintiff") to race/color, (disparate treatment), despite BAINES'S complaints about same.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked 28 U.S.C. Section 1331, 1337, 1343 and 1345, 1391 (e). This action is authorized and instituted pursuant to Title VII of the Civil Rights 1964 ("ACT"), 42 U.S.C.A. §§ 2000 (e) et seq.

3. The employment practice hereinafter alleged to be unlawful where and at the relevant times being committed in the Northern District of Illinois Eastern Division.

## PARTIES

4. BAINES is a black female over 40 years of age and a resident of Melrose Park, Cook County, Illinois.

5. BAINES was an employee of ODC during the relevant times, as a at the ODC facility in Elgin, Illinois.

6. At all times relevant, ODC is a domestic corporation organized under the laws of Illinois.

7. ODC is an employer within the meaning of the ACT and has been at all times material to the allegations herein.

## STATEMENT OF CLAIMS

8. This action brought against the Defendant, ODC having subjected Plaintiff, BAINES to sex, race, and color discrimination by failure to treat her the same as non-black male employees and those younger than her and allowing her to be subjected to discriminatory treatment and excessive discipline despite BAINES complaints about same and then retaliated by suspension and termination.

9. Defendant by its action or actions of its agents, caused and unreasonably interfered with the terms and conditions of Plaintiff's employment and performance in her job and discipline, as compared to non-Black employees, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

10. By reason of the discrimination and disparate treatment by Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

11. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

12. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (EEOC) in 09/26/2021. Those charges were timely filed, under the ACT. (See Exhibit "A")

13. On July 7, 2022, Plaintiff was sent a notice from the EEO of her right to bring this action (See Exhibit "B"), and Plaintiff timely filed this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (TITLE VII SEX DISCRIMINATION)

14. Plaintiff realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

15. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, 42 U.S.C. 2000(e) *et seg*., for ODC having subjected BAINES to sex discrimination by failure to treat her the same as male employees despite BAINES's complaints about same which caused her suspension/termination.

### STATEMENT OF CLAIMS

16. Beginning in January 2020, her immediate supervisors treated the male employees to better terms and conditions of employment than they did with BAINES. Further, BAINES's supervisor knowingly treated BAINES differently than male employees

whose performance which was the same as, or less than that of BAINES.

17. ODC intentionally subjected BAINES to unequal and discriminatory treatment by discriminating based on her sex than male employees.

18. By engaging in discriminatory conduct, ODC discriminated against BAINES in violation of 42 U.S.C. 2000(e) as amended.

19. The discriminatory action of ODC as set forth above has caused BAINES to suffer losses of earnings, and as a further proximate result of ODC's unlawful and intentional discriminatory actions against BAINES, as alleged above, BAINES has been harmed in that BAINES has suffered in her position, her work environment became impaired by retaliation and her work performance and then terminated or suspended.

20. As a further proximate result of ODC'S unlawful and intentional discriminatory actions against BAINES, as alleged above, BAINES has been harmed in that BAINES has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

21. All the above in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-3 *et seq*; as amended by inter alia the Civil Rights Act of 1991. 23. As a result of such discrimination and consequent harm, BAINES has suffered such damages in an amount according to proof.

22. Further, said action on the part of the ODC was done with malice and reckless disregard for BAINES'S protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the Plaintiff whole, including:

1. Damages, including loss of pay and benefits;

2. Attorneys' fees and costs incurred in this action

3. Such other relief as is just and equitable.

4. The plaintiff requests a jury trial of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (AGE DISCRIMINATION)

23. BAINES realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. BAINES brings this action for benefits under the Age Discrimination in Employment Act of 1967 (hereinafter sometimes referred to as the ADEA), 29 U.S.C. § 621-634, under the specific provisions of the Age Discrimination in Employment Act, viz. 29 U.S.C. § 626(c).

37. Jurisdiction of this action is conferred upon the Court by Section 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626 (b) and Venue 28 U.S.C. § 1331.

38. Plaintiff was over 50 years of age at the relevant times and falls within the group protected by the ADEA.

39. At all times material herein and hereinafter mentioned ODC has engaged in and employed its employees, at all times material herein, engaged in commerce within the meaning of the ADEA.

40. ODC is an employer within the meaning of the ADEA.

41. While meeting the minimum standards of her employer, the defendant willfully discriminated against plaintiff because of her age by treating her differently in terms and conditions of employment than younger employees, ODC by causing unjustified

employment conditions and causing her to be terminated or suspended.

42. As a result of ODC's actions the Plaintiff has been deprived of wages and employment benefits from said termination.

43. ODC's conduct was at all times willful and wanton entitling the Plaintiff to liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, BAINES prays for judgment as follows:

1. Declare the conduct engaged in by ODC to be in violation of BAINES'S rights;

2. For injunctive relief, including reinstatement but not limited to, and relief required to make BAINES whole for any losses caused by the violations of ODC and protect her from further mental harm;

3. For compensatory damages in an amount according to proof;

4. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

5. For such other and further relief as the court deems proper.

LA JUAN BAINES<br>
BY:<b>/s/ Michael T. Smith</b><br>
Michael T. Smith<br>
Trial Attorney

Michael T. Smith #6180407IL  
Attorney for Plaintiff  
Address: 10 N. Martingale Road, Suite 400  
City: Schaumburg, Illinois 60173  
Telephone: (847) 466-1099